**UNITED STATES of America, Plaintiff,**

v.

**Donald SHELHAMMER, Richard Wilson and John Allan Hill, Defendants.**

**No. 87–8102–CR.**

United States District Court, S.D. Florida, N.D.

March 18, 1988.

Neil Karidbil, Asst. U.S. Atty., West Palm Beach, Fla., for plaintiff.

Edward Horan, Key West, Fla., for defendants.

**ORDER**

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion to Dismiss of the defendants, Donald Shelhammer, Richard Wilson and John Allan Hill. These defendants were indicted under the Lacey Act, 16 U.S.C. § 3371 *et seq.*, which makes it a violation of federal law to import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce "any fish or wildlife taken, possessed, transported, or sold in violation of any foreign law ...," 16 U.S.C. § 3372(a)(2)(A), or to possess within the special maritime and territorial jurisdiction of the United States fish or wildlife taken in violation of foreign law. 16 U.S.C. § 3372(a)(3)(A). The defendants are being prosecuted under the Lacey Act for allegedly taking fish in violation of Bahamian law.

The defendants are alleged to have violated the provisions of the Bahamian Fisheries Resources Act of 1977 (FRA), which prohibits foreign fishing in the Bahamian Exclusive Economic Zone (EEZ) without a

permit. The Bahamian EEZ extends 200 nautical miles.

The defendants have moved to dismiss the indictment on the ground that the Magnuson Fishery Conservation and Management Act, 16 U.S.C. § 1801 *et seq.* (Magnuson Act) bars this prosecution. Section 1822(e) of the Magnuson Act provides:

### (e) Nonrecognition

It is the sense of Congress that the United States shall not recognize the claim of any foreign nation to a fishery conservation zone (or the equivalent) beyond such nation's territorial sea, to the extent that such sea is recognized by the United States, if such nation—

(1) fails to consider and take into account traditional fishing activity of fishing vessels of the United States;

(2) fails to recognize and accept that highly migratory species are to be managed by applicable international fishery agreements, whether or not such nation is a party to any such agreement; or

(3) imposes on fishing vessels of the United States any conditions or restrictions which are unrelated to fishery conservation and management.

16 U.S.C. § 1822(e).

According to the defendants, the traditional fishing areas of the United States' fishermen have included the waters of the Bahamas. Defendants contend that because the Bahamian FRA imposes a complete ban on fishing in the EEZ by U.S. vessels, this prosecution under the Lacey Act is barred by section 1822(e).

The government opposes the motion to dismiss on several grounds. First, the government contends that the issue of recognition of Bahamian law is a nonjusticiable political question involving foreign policy. In a somewhat related vein, the government argues that section 1822(e) is not a mandatory provision, but an expression of congressional intent to provide guidance to the Executive department.

It is true that the United States and the Bahamas do not have a treaty or agreement regarding fishing activities or maritime boundaries. The government asserts that the United States recognizes some portions of the Bahamian EEZ but contests other areas. The area in which defendants were allegedly fishing is one which the United States recognizes.

The question before the court is whether section 1822(e) of the Magnuson Act prohibits the United States government from enforcing those portions of the Bahamian law with which it agrees. The answer is that it does not. The court finds that the "[i]t is the sense of the Congress" language in section 1822(e) is precatory and is solely intended to advise the various branches, agencies and departments of the United States government as to what factors Congress thinks should be considered in evaluating a claim of a foreign nation to an exclusive economic zone.

Had Congress intended that the United States not prosecute its citizens for fishing in the Bahamas or any other place, it should have said so with certainty. When the Lord told Moses "Thou shalt not kill," Exodus 20:13, he stated an absolute prohibition. Because He did not say "It is the sense of the Lord that thou shalt not kill," we have what are known as the Ten Commandments, not the "Ten Suggestions."

The court's decision in *State Highway Commission of Missouri v. Volpe,* 479 F.2d 1099 (8th Cir.1973), does not compel a different interpretation. In that case, the court considered a statutory section [1] which began with the words "[i]t is the sense of Congress," and held that the statute barred the conduct described ther therein. However, the court found significant the fact that the statute was a "Congressional interpretation of prior law—for the words used [were] 'it is the sense of Congress *that under existing law....*'" *Id.* at 1116 (emphasis added). In fact, Congress had specifically enacted the provision in question after the Attorney General issued an

---

[1]. The statute in question was the Federal–Aid Highway Act of 1956, as amended 23 U.S.C. § 101 *et seq.* (1970). The court was called upon to decide whether the Secretary of Transportation had authority to impound funds previously apportioned by Congress.

opinion which led to a result never intended by Congress. The court stated "[t]hus, we find section 101(c) merely *corroborates* what, as was pointed out earlier, the statute as a whole already provides—that apportioned funds are not to be withheld from obligation for purposes totally unrelated to the highway program." *Id.*

In the Magnuson Act, on the other hand, Congress does not clarify an already existing law. Nothing in either the Magnuson Act or the Lacey Act states that the United States may not recognize the Bahamian EEZ. While the court commends Congress' intention to "for once in our lifetime, to help Americans," S.Rep. No. 94–416 Comm.Print at 238, Congress must state its prohibition in unequivocal terms. For that reason, the motion to dismiss the indictment must be denied.

The court is aware that defendants have also raised selective enforcement as a separate ground for dismissal. That issue will be heard at a later date. This Order only concerns that Motion to Dismiss as it relies on the Magnuson Act, 16 U.S.C. § 1822(e). For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss be and the same is DENIED.